UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LESALDO SHALTO,

                      Plaintiff,

    -against-

OWM VERNON LLC d/b/a CORNER BISTRO and
ANZALONE PROPERTIES LLC,

                      Defendants.

Case No. 19CV1009

**COMPLAINT**

---

    Plaintiff, LESALDO SHALTO (hereinafter "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues defendants OWM VERNON LLC d/b/a CORNER BISTRO (the "Restaurant") and defendant ANZALONE PROPERTIES LLC (hereinafter, the "LLC") (the Restaurant and the LLC being hereinafter collectively known as the "Defendants") and alleges:

## NATURE OF THE CLAIMS

    l.    This lawsuit opposes pervasive, ongoing and inexcusable disability discrimination by the Defendants. In this action, Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorneys fees, costs and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 121181 et seq. and its implementing regulations, 28 C.P.R. Part 36, the New York State Executive Law (the "Executive Law"), § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107 (all of the foregoing being hereinafter collectively designated as the "Disability Laws". As detailed below, Defendants own, lease, lease to, operate and control a place of public accommodation that violates the Disability Laws.

2. Defendants made a financial decision to ignore the explicit legal requirements for making their property, a place of public accommodation, accessible to persons with disabilities, all in the hopes that they would never get caught. In so doing, Defendants made a calculated, but unlawful, decision that the disabled are simply not worthy. The day has come for defendants to accept responsibility. This action seeks to right that wrong via recompensing Plaintiff and making Defendants' property fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 121181(B)(l)(b) and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiffs rights under the ADA. The Court has supplemental jurisdiction over plaintiffs related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' property that is the subject of this action is located in this district.

## PARTIES

5. At all times relevant to this action, Plaintiff has been and remains currently a resident of the State and City of New York.

6. At all times relevant to this action, Plaintiff has been and remains a wheelchair user.

7. Plaintiff was a young man when a car accident left him totally paralyzed from the neck down. With the help of surgery and intensive therapy, he has fought to regain some control

over his life. He considers himself very lucky to have the abilities that he has regained.

9. The LLC owns, operates and leases out the property located at 4718 Vernon Boulevard in Queens County (hereinafter referred to as the "Property").

9. The Restaurant is located within the Property.

10. The Restaurant is a New York domestic limited liability company, duly authorized and existing pursuant to the laws of the State of New York.

11. The LLC is a foreign limited liability company, duly authorized to transact business in the State of New York.

## FACTS COMMON TO ALL CAUSES OF ACTION

12. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurant is a place of public accommodation.

13. The LLC allows and permits the Restaurant to occupy the Property pursuant to a written agreement.

14. Numerous architectural barriers exist at Defendants' place of public accommodation that prevent and/or restrict access to Plaintiff, a person with a disability.

15. Plaintiff lives on Roosevelt Island and is often in the area where the Property is located as he generally patronizes accessible businesses in the area twice a month.

16 Plaintiff desires to eat at the Restaurant, the last time prior to the filing of the complaint having been on or about October 27, 2019, but was deterred from doing so due to the step at the entrance, which prevents access by patrons in wheelchairs.

17. The services, features, elements and spaces of Defendants' place of public accommodation are not readily accessible to, or usable by, Plaintiff.

.

18. The Restaurant's conduct is particularly egregious as, when it undertook a renovation of the Property, commencing in 2011, at a cost of almost $200,000, it made the Property more inaccessible than it had previously been.

19. Annexed hereto and marked Exhibit A is a photograph showing the current configuration of the entrance to the Restaurant.

20. As shown in Exhibit A, the door is set in a recess near the corner of the Property.

21. Annexed as Exhibit B is a photograph depicting the entrance to the prior occupant of the Property.

22. As shown in Exhibit B, the entrance was much wider, located in the middle of the Property and not recessed.

23. Rather than attempting to make the Restaurant available to the disabled and comply with the laws governing accessibility, the Restaurant bricked up a large area of the wall of the Property and created a narrow, recessed entrance, with a step.

24. Defendants are required to remove architectural barriers to the physically disabled when such removal is readily achievable for a place of public accommodation that has existed prior to January 26, 1992, 28 CFR § 36.304(a). In the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26,1992, then the Defendants are required to ensure, to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR 36.401 then the Defendants' facility must be readily accessible to and useable by individuals with Disabilities, as defined by the ADA.

25.     The 1991 ADA Standards for Accessible Design (the "1991 Standards") apply to new construction and alterations until March 14, 2012. As of March 15, 2012, compliance with the 2010 ADA Standards for Accessible Design (the "2010 Standards") was required for new construction and alterations, accessibility and barrier removal. Premises altered between January 26, 1992 and March 15, 2012, must comply with either 1991 or 2010 Standards in accordance with the safe harbor provisions of the 2010 Standards.

26.     As a result of the alterations commencing in 2011, including changes to the storefront and entrance configuration, and the failure to comply with the 1991 Standards by March 15, 2012, the Restaurant must comply with the 2010 Standards.

27.     When the Restaurant altered the entrance, it was required to make the entrance accessible unless it was structurally impracticable to do so (1991 Standards 4.1.1 et. seq.).

28.     Because of Defendants' failure to comply with the Disability Laws, Plaintiff was and has been unable to enjoy equal and complete access to Defendants' place of public accommodation.

29.     An inspection of the Restaurant was conducted, which revealed the following[1]:

The Restaurant is located at the corner of Vernon Boulevard and 47th Road. The entrance is on Vernon Boulevard, with the door, which opens outwards, situated within a recess 20 to 24 inches deep and sitting over a roughly 7 inch rise. An 18 inch clear space on the pull side of the door is not provided. There is no sign directing a person in a wheelchair to an accessible entrance.

Upon entry, there is a vestibule, with a door to the right, which opens inwards to the bar area. The vestibule does not provide 48 inches between the entrance and interior doors.

There is a second (inaccessible) door on the outside of the building on 47th Road. It

---

[1] All of the barriers inside the Restaurant were reviewed with Plaintiff prior to the filing of the complaint.

5

appears to be the residential entrance, based on the address printed on the door, but may also provide an emergency egress from the Restaurant, based on the door observed within the pool room.

In creating and maintaining an inaccessible customer entrance, the Restaurant violated the following 1991 Standards:

a) The newly created entrance is required to be accessible by 4.1.6., but instead was created with a step

b) 4.1.3(8) requires 50% of a facility's public entrances comply with 4.14. The lack of an accessible route from the sidewalk to the entrance violates this requirement (4.14.1).

c) In creating the step at the door, a narrow recess and small vestibule, the Restaurant failed to ensure that there is an accessible route from the sidewalk to an accessible building entrance, as required by 4.1.2 (1).

d) The surface from the sidewalk to the entrance contains a step up, in violation of 4.5 and 4.5.2, which require rises over ½ inch to have a ramp complying with 4.7 or 4.8. (required by 4.1.2 and 4.1.2 (4))

e) During the planned alteration to the entrance, the Restaurant failed to comply with 4.1.3(8), although no alternate accessible entrance was available. (4.1.6(h)).

f) The step at the door create a rise within the maneuvering clearance that Plaintiff cannot navigate in his chair (4.13).

g) Even if the rise at the entrance was ramped, the lack of an 18 inch clearance on the pull side of the door would prevent Plaintiff from entering the Restaurant without assistance from someone to open the door (4.13.6, 4.13.5, 4.13.6). The entrance created by the Restaurant was not built to allow for the required 18 inch clearance.

h) In spite of extensive renovations undertaken by or for the Restaurant, each corresponding room has not been made accessible, as required by 4.1.6 (1) (b).

i) There is no accessible means of egress, in violation of 4.3.10, so that even if Plaintiff was able to get inside the Restaurant, he would be trapped in the event of an emergency.

j) There is no accessible route which connects the sidewalk with all required accessible areas of the facility (4.3.2). Even if Plaintiff chose to eat outside, there is no route whereby he can reach the toilet room inside.

30. Defendants' failure to remove architectural barriers constitutes discrimination of the Plaintiff, especially in light of the newly constructed entrance and extensive work done at the premises (see, 28 USC § 36.304; 42 USC § 12182(2) (A) (iv))

31. Benefits to all patrons are unequal as Plaintiff is not offered the same accommodation as offered to others, including entry, seating and use of bathroom facilities (42 USC § 12182 (b)(1)(A)(ii)).

32. The LLC continues to violate Plaintiff's civil rights by failing to remove the below described barriers to his entry, although it is readily achievable to do so:

a) There is no ramp provided at the front entrance to allow Plaintiff's entry. The rise over ½ inch in front of any the door in the storefront has not been ramped to allow entry by people in wheelchairs, although it is readily achievable to do so.

b) There is no signage directing Plaintiff to an accessible entrance.

c) There is no notification system to alert employees that a disabled patron is outside waiting for service.

d) There is no automatic door opener to allow Plaintiff to open the entrance door, which sits in a narrow recess inaccessible to Plaintiff.

33. Further investigation of the Restaurant revealed the following:

There are inside and outside dining areas, a bar with bar stools, and a rear game room.

The inside dining area consists of tables and booths. The tables have a single center leg in a base with four prongs. There are no tables which would allow the Plaintiff to sit comfortably with his legs below the table, as others may. All booths have a single leg at the end of the table, which would prevent a person in a wheelchair from pulling beneath the table. The space between booth seats is less than 30 inches wide, so a wheelchair could not slide in at the end of the table, even if the leg was removed.

Outdoor dining, weather permitting, is located on the 47th Road side of the Restaurant. The tables in the outside dining area have a similar configuration as those inside and prevent patrons in wheelchairs from sliding below the table. Patrons in wheelchairs have no access route to enter the Restaurant to use the toilet facilities.

The bar contains several bar height stools and no lowered section.

Past the bar, there is an aisle which leads into the rear game room containing wooden counters with bar stools. There is no lowered section. In the corner of the room, there is a toilet room which is unisex and has an accessible sign on the door. There is a pool table and a small area containing video games. A person in a wheelchair would have nowhere to place food or drink as the counters are too high.

The Restaurant is responsible for the following barriers and violations of the 1991 Standards:

a) There is no accessible seating in any of the dining areas which provide enough space for the Plaintiff to comfortably sit in his wheelchair beneath a table because there is no

8

room for his feet and knees. The table base obstructs the wheelchair wheels so they may not pull up below the table. The booth ends are too narrow and have a leg which obstructs Plaintiff's approach below the table.

  b.  There is no lowered section of the bar, which is over 34 inches high, thereby violating 5.2, and no accessible table near the bar so that Plaintiff may join others at the bar in the camaraderie there.

  c.  All of the eating and drinking counters in the rear game room were built at a height above 36 inches, so that they are not usable by people seated in a wheelchair.

  d.  No accessible route connects the accessible spaces on the site, as required by 4.1.2 (2), in that Plaintiff cannot reach any dining area, due to rises in his path of travel.

  e.  The Restaurant is required to comply with 4.1 to 4.35, which sets forth scope and technical requirements. Guidelines 4.32.2 and 4.32.3 provide the clearance required by persons seated in a wheelchair to pull up to eat and drink at a table. Lack of clearance below the tables creates an unequal benefit whereby disabled patrons may not sit comfortably below a table, like able bodied patrons may.

  f.  In spite of extensive renovations, all areas created by the construction were not made accessible, as required by 5.4.

  g  There are no accessible tables near the bar and neither the bar or the counters in the game room provide a 60 inch long section at a height under 34 inches, which would allow Plaintiff to sit with other patrons (5.2).

  34.  In addition to the foregoing, the LLC fails to provide equal benefits to all patrons, as Plaintiff is not offered the same accommodation as offered to others, including entry, seating and use of bathroom facilities  (42 USC § 12182(b)(1)(A) (ii)).

9

35. The Restaurant' toilet rooms also are in violation of the Disability Laws. The toilet room in the rear of the Restaurant has a sign of accessibility, although it is not fully accessible. The room is about is 74 inches by 64 inches and is usable by a person in a wheelchair. While there is space to approach the sink and the toilet, there is only one grab bar at the toilet, on the side wall. There is no grab bar behind the toilet. The distance from the centerline of the toilet to the wall is just over 18 inches, and the flush control is on the side near the wall. The paper towel dispenser is hung at a height over 48 inches.

The following toilet room violations of the 1991 Standards may be cured by readily achievable means:

a. The paper towel dispenser is hung at a height inaccessible to a seated patron (4.2).

b. No grab bars are present on the back of the toilet, which would allow individuals to transfer to and from the toilet (4.16.4, 4.26).

c. The toilet flusher is not on the wide side of the toilet area, as required by 4.16.5.

36. Defendants' failure to make their place of public accommodation accessible denies Plaintiff the opportunity to participate in or benefit from services or accommodations on the basis of disability.

37. Defendants have not satisfied their statutory obligation to ensure that their policies, practices, and procedures for persons with disabilities are compliant with the laws, nor have Defendants satisfied their legal obligation to provide reasonable accommodations for persons with disabilities.

38. Barriers to access within defendants' place of public accommodation continue to exist.

39. Plaintiff intends to patronize the Defendants' place of public accommodation after

it becomes fully accessible and compliant with the Disability Laws.

## FIRST CAUSE OF ACTION
(Violations of the Americans with Disabilities Act)

40. Plaintiff is unable to ambulate as the result of an accident and thus has a disability within the meaning of the ADA. As a direct and proximate result of Plaintiff's disability, plaintiff uses a wheelchair for mobility.

41. The ADA imposes joint and several liability on each of the property owner, operator and lessee of a place of public accommodation. 28 C.F.R. 36.201(b).

42. Under the ADA, each of the property owner, lessee and operator are liable to the Plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement). 28 C.F.R. 36.201(b).

43. Defendants have subjected and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation, all because he is disabled.

44. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable and not desired as patrons of their place of public accommodation.

45. Defendants' place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(l)(A) and 28 C.F.R. § 36.203.

46. Upon making alterations to the place of public accommodation at the Property, Defendants, or either of them, failed to make it accessible to Plaintiff to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

47. Upon making alterations to the primary function areas, Defendants failed to make the paths of travel to the primary function areas accessible to Plaintiff, in violation of 28 C.F.R. § 36.403.

48. Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

49. By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability, in violation of 28 CFR§ 302(a) and 302(b)(2)(A)(iv) and the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and in violation of 28 C.F.R. § 36.304.

50. In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal, as required by 28 C.F.R. § 36.305.

21. By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against individuals with disabilities, in violation of the ADA, 42 U.S.C. §12182(a), (b)(1)(A) (ii) and (b)(2)(A)(iv), and in violation of 28 C.F.R. § 36.304.

22. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

23. Defendants have discriminated, and continue to discriminate, against Plaintiff, in violation of the ADA, by maintaining and/or creating an inaccessible place of public accommodation.

24. Defendants' violations of the ADA have harmed and will continue to harm Plaintiff in the future.

52. Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible place of public accommodation.

## SECOND CAUSE OF ACTION
(Violation of New York State Executive Law)

53. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

54. Plaintiff is confined to a wheelchair and thus suffers from a disability within the meaning of the Executive Law § 296(21).

55. Defendants' have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because he is disabled.

56. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable and not desired as patrons of their place of public accommodation.

57. Defendants discriminated against Plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.

58. Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

59. In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

60. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

61. It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

62. As a direct and proximate result of Defendants' unlawful discrimination in violation of New York State Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

51. Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial.

### THIRD CAUSE OF ACTION
(Violation of the Administrative Code of the City of New York)

53. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

54. Plaintiff is unable to ambulate and is confined to a wheelchair and thus suffers from a disability within the meaning of the Administrative Code§ 8-102(16).

55. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act§ 7 amending Administrative Code §8-130 (emphasis added).

14

56. Administrative Code §8-130 is to be construed broadly in favor of Plaintiff to the fullest extent possible. <u>Albunio v. City of New York</u>, 2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

57. Defendants have and continue to subject P1aintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4).

58. Defendants discriminated against Plaintiff in violation of Administrative Code of the City of New York,§ 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible place of public accommodation.

59. As a direct and proximate result of Defendants' unlawful discrimination in violation of Administrative Code of the City of New York, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

60. Defendants' long-standing refusal to make its place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

61. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable and not desired as patrons of their place of public accommodation.

62. Defendants' unlawful discriminatory conduct constitutes willful violations of the Administrative Code for which Plaintiff is entitled to an award of damages. Administrative Code § 8-502.

63. By refusing to make the place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by receiving revenues from unlawful space and then pocketing monies they should have lawfully used to make the place of public accommodation fully accessible. Defendants' unlawful profits plus interest must be disgorged.

64. Plaintiff has suffered damages in the amount of at least $25,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial.

## FOURTH CAUSE OF ACTION
(Violations of New York State Civil Rights Laws)

65. Plaintiff realleges and incorporates by this reference all allegations set in this Complaint as if fully set forth herein.

66. Defendants discriminated against plaintiff pursuant to New York State Executive Law.

67. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of $500 for each and every barrier and violation.

68. Notice of the defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

69. Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their policies, practices and procedures.

70. Injunctive relief is also necessary to make Defendants' place of public accommodation readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

## DECLARATORY RELIEF

71. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by Defendants against Plaintiff as to the policies, practices, procedures, facilities, goods and services.

## ATTORNEY'S FEES, EXPENSES AND COSTS

72. In order to enforce Plaintiff's rights against the Defendants, Plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

A. Enter declaratory judgment declaring that Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and their policies, practices and procedures related thereto;

B. Issue a permanent injunction ordering Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including but limited to the violations set forth above;

C. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages, as a result of Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

  E. Award Plaintiff $500.00 (FIVE HUNDRED DOLLARS) for each and every barrier and violation of the law pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

  F. Pursuant to New York State Civil Rights Law § 40-d, find Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

  G. Award reasonable attorneys fees, costs and expenses pursuant to the Administrative Code;

  H. Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

  I. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: February 20, 2019

*Donald J. Weiss*

Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
363 Seventh Avenue
New York, New York 10001
(212) 967-4440