UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LESALDO SHALTO,

                      Plaintiff,

-against-

OWM VERNON LLC d/b/a CORNER BISTRO and
ANZALONE PROPERTIES LLC,

                      Defendants.

---

Case No. 19CV1009

**STIPULATION OF SETTLEMENT**

**WHEREAS,** Plaintiff LESALDO SHALTO ("Plaintiff") filed a complaint in the above-captioned action against defendants OWM VERNON LLC d/b/a CORNER BISTRO (hereinafter, the "Restaurant"; the Plaintiff and the Restaurant are identified as the "Parties" and each a "Party"), and ANZALONE PROPERTIES LLC, alleging *inter alia,* certain purported violations of the Americans with Disabilities Act, 42 U.S.C 12181, and related claims arising under New York State Executive Law, the New York City Human Rights Law, and the New York Civil Rights Law, and seeking certain forms of relief thereunder (the "Action"); and

**WHEREAS,** the claims alleged herein by Plaintiff arise in connection with the premises known as 47-18 Vernon Boulevard, Long Island City, New York; and

**WHEREAS,** the Restaurant has denied all allegations that it has violated any laws, statutes, rules, regulations or ordinances; and

**WHEREAS,** the Restaurant wishes to resolve the claims against the Restaurant in the Action, without an admission of liability, on the terms and conditions set forth in this Stipulation of Settlement (the "Stipulation"); it is therefore

**STIPULATED, CONSENTED AND AGREED,** that the claims in the Action against the

Settlement Agreement OWM Final

Restaurant shall be settled as follows:

1. <u>Remedial Measures.</u>

a. The Restaurant agrees to provide a permanent means of entry into the Restaurant by a patron in a wheelchair by installation of a permanent ramp, with railings and a landing (collectively, the "Ramp"), which shall be compliant with the accessibility requirements set forth in Sections 405 and 505 of the 2010 ADA Standards for Accessible Design. The cost of the Ramp shall be the sole responsibility of the Restaurant.

The Restaurant shall seek such permits and approvals as are necessary to install the Ramp. In the event any governmental agency requires any revisions to submitted plans for the Ramp which do not prohibit the installation of a permanent ramp of any nature, the proposed Ramp shall be modified as required by such governmental agency and such revisions shall not relieve the Restaurant of its obligations herein.

The installation of the Ramp shall be completed within six months (the "End Date") of the date the Stipulation is filed with the United States District Court, Eastern District of New York (the "Start Date"). The End Date shall be subject to events beyond the control of the Restaurant, such as delay in obtaining approved building or zoning permits (application for which shall be filed no later than 90 days from the Start Date), failure of the any government inspectors to make inspections, contractor defaults, work stoppages or slow-downs due to labor-related disputes or weather conditions which prevent work from going forward, acts of God, *force majeure*, acts of war or terrorism, and the like. In the event of such circumstances, it is agreed that upon a showing of diligent efforts to comply with the terms of the Stipulation, the Restaurant may request from Plaintiff's counsel an extension of time to complete the said installation, which consent shall not

2

Settlement Agreement OWM Final

be unreasonably withheld. Any failure to notify Plaintiff's counsel of delays and documentation of diligent efforts prior to the End Date, will be deemed a failure to comply with the Stipulation and shall constitute a breach thereof. Within 30 days of the installation of the Ramp, the attorneys for the Restaurant shall notify Plaintiff's counsel and shall furnish photograph(s) of the completed Ramp.

      b.      By the End Date, the Restaurant shall provide an entrance door with an 18 inch space on the pull side of the door, which may be accomplished by widening the door recess or making the entrance door flush with the building line. The door swing shall not create an obstruction to patrons in wheelchairs opening the door from the Ramp.

      c.      No later than the End Date, the Restaurant shall remove or reconfigure the interior vestibule at the entrance so that it does not interfere with Plaintiff's entry in his wheelchair.

      d.      No later than the End Date, the Restaurant shall provide a wheelchair accessible table which meets the requirements of section 902 of the 2010 Standards, which will allow a patron in a wheelchair to place his or her knees and toes beneath the table, located on an accessible route which provides proper clear floor space for seating and does not require seated patrons to move out of the way of an approaching wheelchair, or for a wheelchair patron to move to allow passage of other patrons, as set forth in Sections 226.1 and 226.2 of the 2010 Standards.

      e.      No later than the End Date the Restaurant shall remediate the toilet room as follows:

      i.      install a grab bar at proper height behind the toilet

      ii.      move the flush handle to the wide side of the toilet

      iii.      install the paper towel dispenser at a compliant accessible height

      iv.      insulate the hot water pipes below the sinks

3

3. <u>Monetary Consideration</u>.

The Restaurant will cause to be paid to Plaintiff, to the order of and through his attorney, Donald J. Weiss, the sum of Eight Thousand Dollars ($8,000.00) (hereinafter, the "Settlement Payment"). The Settlement Payment includes any and all monetary claims against the Restaurant for damages, legal fees, expert fees, costs, and any and all actual or potential fees, costs, and expenses incurred in connection with the Action. The Settlement Payment shall be paid and delivered to Plaintiff's attorney on or before November 15, 2019. Upon receipt of the Settlement Payment, Plaintiff's counsel shall fill a Stipulation of Dismissal in the form annexed hereto.

4. <u>Release</u>.

In consideration of the Restaurant's obligations under this Stipulation, the Plaintiff on behalf of himself, his heirs, executors, beneficiaries, trustees, administrators, representatives, successors and assigns ("Releasor") hereby remises, releases, acquits, satisfies, and discharges the Restaurant, its parents, subsidiaries and affiliates, and their current and/or former officers, directors, members, shareholders, employees, attorneys, trustees, administrators, representatives, successors and assigns ("Releasees") from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, equity, or admiralty, which the Releasor ever had, now has or hereafter can, shall or may have against the Releasees from the beginning of the world up to the date of this Stipulation with respect to all claims made, or which could have been made, in the Action.

5. <u>No Admission of Liability</u>.

4

Settlement Agreement OWM Final

Nothing in this Stipulation shall constitute or be deemed to constitute an admission of fault, wrongdoing or liability on the part of the Restaurant. The Restaurant acknowledges, without conceding, any infirmity in their defenses, that it is entering into this Stipulation solely in order to settle this dispute and to avoid the further expense and inconvenience of litigation. Plaintiff acknowledges that nothing herein is to be construed as an admission of liability or culpability by the Restaurant, and acknowledges further that the remedial steps to be taken herein constitute a satisfactory resolution of the access claims alleged herein.

6. Fees and Expenses.

Each of the Parties shall bear their own attorneys' fees and costs incurred in connection with or related to the Action not otherwise encompassed by the terms of this Stipulation provided, however, that in the event of breach of this Stipulation, the non-breaching party shall be entitled to collect any fees or expenses incurred, including reasonable attorneys' fees, by reason of any efforts to enforce this Stipulation.

7. Authority.

Each signatory hereto represents and warrants that he/she has full authority to enter into this Stipulation on behalf of that Party. All references to the Restaurant herein shall be deemed to include its successors and assigns.

8. Governing Law and Jurisdiction.

The Stipulation shall be deemed to be made and entered into in the State of New York, and shall in all respects be interpreted, enforced and governed under the laws of New York. The Parties agree that venue for any litigation brought to enforce the Stipulation shall lie in the United States District Court for the Eastern District of New York, or, if that Court refuses to accept jurisdiction,

in any court of competent jurisdiction in New York, New York. The United States District Court for the Eastern District of New York shall retain jurisdiction over the Parties with respect to the terms of this Stipulation and the enforcement thereof.

9. Interpretation.

The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Stipulation has been negotiated by and between the Parties' respective counsel, and shall not be construed against the "drafter" of the Stipulation.

10. Modification of Stipulation.

This Stipulation may be amended, revoked, changed, or modified only upon a written agreement executed by the Parties. No waiver of any provision of this Stipulation will be valid unless it is in writing and signed by the party against whom such waiver is charged.

11. Entire Agreement.

This Stipulation sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

12. Signatures in Counterparts.

This Stipulation can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if the Parties had the same signature page. A facsimile copy, or Adobe PDF, of any Party's signature shall be deemed as legally binding as an original signature.

13. <u>Headings</u>.

The headings of the Sections in this Stipulation have been inserted for convenience or reference only, are not intended to be considered as a part hereof, and shall not modify or restrict any of the terms or provisions hereof.

IN WITNESS WHEREOF, the Parties have hereunder set their hands as of the date set forth below.

Dated: New York, New York
             , 2019

OWM VERNON LLC                              LESALDO SHALTO

By:_____            _____
Name:
Title:

So Ordered:

_____
USDCJ

7

13. <u>Headings</u>.

The headings of the Sections in this Stipulation have been inserted for convenience or reference only, are not intended to be considered as a part hereof, and shall not modify or restrict any of the terms or provisions hereof.

IN WITNESS WHEREOF, the Parties have hereunder set their hands as of the date set forth below.

Dated: New York, New York
NOVEMBER 7, 2019

OWM VERNON LLC

By:_____
Name:
Title:

LESALDO SHALTO

_____ (signature)

So Ordered:

_____
USDCJ

7

Settlement Agreement OWM Final

13. <u>Headings.</u>

The headings of the Sections in this Stipulation have been inserted for convenience or reference only, are not intended to be considered as a part hereof, and shall not modify or restrict any of the terms or provisions hereof.

IN WITNESS WHEREOF, the Parties have hereunder set their hands as of the date set forth below.

Dated: New York, New York
_____, 2019

OWM VERNON LLC                                   LESALDO SHALTO

By: _Elizabeth McGrath_                          _____
Name: Elizabeth McGrath
Title: Member


So Ordered:

_____
USDCJ

7

Settlement Agreement OWM Final